**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

DORA F. CHAVEZ                                                                                         PLAINTIFF

v.                                                    Case No. 05-2098

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON; and
ALLIED DOMECQ SPIRITS &
WINES USA, INC. EMPLOYEE
BENEFIT PLAN                                                                                        DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This disability benefit claim is before the Court for decision on the stipulated administrative record (Doc. 11), as well as briefs of the parties (Docs. 14-15). Plaintiff brings this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that Defendants' decision to deny her claim for long-term disability benefits was unreasonable and not supported by substantial evidence. For the reasons stated below, the Court finds that Defendants' decision was supported by substantial evidence and should be upheld. Plaintiff's claim is denied and Plaintiff's Complaint (Doc. 1) and Supplemental Complaint (Doc. 8) are dismissed with prejudice.

**Background**

Plaintiff worked for Defendant Allied as a Human Resources Clerk for 22 years. (Rec. at 43). On November 3, 2003, she was laid off as part of a reduction in force. (Rec. at 43, 80). Plaintiff contends her date of disability was November 3, 2003 and that she left employment because of her disability. (Doc. 14).

In order to be eligible for benefits under the Plan, one must be in Active Employment and

1

a full-time employee working a minimum of 30 regularly scheduled hours per week or a part-time employee working 20 to 29 regularly scheduled hours per week. (Rec. at 3). "Active Employment" is construed to mean the Employee must be actively at work (1) on a full-time or a part-time basis and paid regular earnings (2) for at least the minimum number of hours shown in the Schedule of Benefits; and either perform such work (a) at the usual place of business; or (b) at a location to which business requires the Employee to travel. (Rec. at 4). An Employee will be considered actively at work if he was actually at work on the day immediately preceding: (1) a weekend; (2) holidays; (3) paid vacations; (4) any non-scheduled work day; (5) an excused leave of absence (except medical leave for the Covered Person's own disabling condition and lay-off); and (6) an emergency leave of absence (except emergency medical leave for the Covered Person's own disabling condition). (Rec. at 4).

Under the Plan, an employee is considered disabled if during the Elimination Period and the next 24 months of Disability he or she is "unable to perform all of the material and substantial duties of his or her occupation on an Active Employment basis because of an Injury or Sickness; and after 24 months of benefits have been paid, the Covered Person is unable to perform, with reasonable continuity, all of the material and substantial duties of his own or any other occupation for which he is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity. (Rec. at 4-5).

"Elimination Period" is construed as a period of consecutive days of Disability for which no benefit is payable. The Elimination Period is shown in the Schedule of Benefits and begins on the first day of Disability. If the Covered Person returns to work for any fourteen (14) or less days during the Elimination Period and cannot continue, Liberty will count only those days the Covered

Person is Disabled to satisfy the Elimination Period.

The plan administrator determined Plaintiff was not eligible for benefits because she was not in "active employment" on the date of her disability as she was terminated on November 3, 2003 due to the reduction in force. The plan administrator also denied the claim because the objective medical evidence could not support the claimed restrictions and limitations.

**Discussion**

Under ERISA, a denial of benefits by a plan administrator must be reviewed *de novo* unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case the administrator's decision is reviewed for an abuse of discretion. *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998) *citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Accordingly, the Court must be guided by the language of the plan at issue to determine the proper standard of review.

The Plan provides, in pertinent part, under the section titled "Interpretation of the Policy" that "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder." (Rec. at 25). Therefore, the decision will be reviewed for an abuse of discretion.

The Eighth Circuit has "variously defined an interpretation that would be an abuse of discretion as being 'extremely unreasonable,' 'virtually' the same as arbitrary and capricious, and 'extraordinarily imprudent.'" *Shell v. Amalgamated Cotton Garment*, 43 F.3d 364, 366 (8th Cir. 1994) (citations omitted). "The proper inquiry into the deferential standard is whether 'the plan administrator's decision was reasonable; i.e., supported by substantial evidence.'" *Cash v. Wal-Mart Group Health Plan,* 107 F.3d 637, 641 (8th Cir. 1997) *(*quoting *Donaho v. FMC Corp.*, 74 F.3d 894,

899 (8th Cir. 1996)).

"While the word 'reasonable' possesses numerous connotations, this court has rejected any such definition that would 'permit a reviewing court to reject a discretionary trustee decision with which the court simply disagrees[.]'" *Id.* at 641 (citation omitted). A decision is reasonable "if 'a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.' If the decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made." *Id.* (citation omitted).

Where there is a conflict of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has discretion to find that the employee is not disabled unless "the administrative decision lacks support in the record, or . . . the evidence in support of the decision does not ring true and is . . . overwhelmed by contrary evidence." *Donaho*, 74 F.3d at 901 (8th Cir. 1996).

In our case, Plaintiff asserts the decision of the plan administrator was not reasonable for two reasons. First, Plaintiff asserts she was terminated after reporting her inability to work on November 3, 2003, thus Liberty Mutual's decision that she was not in "active employment" and not "covered" under the policy was unreasonable. Second, Plaintiff contends she was "disabled" as that term is defined in the policy, and the finding of Liberty Mutual that she was able to perform the duties of her job was unreasonable.

Plaintiff, in her Brief in Support of Complaint, asserts that she went to work on November 3, 2003, and reported her inability to work due to her disability. However, there is substantial evidence in the administrative record to show that Plaintiff was terminated due to a reduction in

force. The plan administrator's decision that she was not in active employment when she became disabled and not eligible to claim benefits under the terms of the policy should be affirmed.

The Court can find no evidence in the record to support Plaintiff's claim that she left her employment due to her disability. Plaintiff cites the record at page 193 which is a claims referral sheet dated November 4, 2004 as support for her contentions. However, this report only states that Plaintiff's employer terminated her on November 3, 2003 with no indication that Plaintiff left due to her disability. Additionally, Plaintiff cites the record at 207, which is a "corrected" faxed letter from Carol Rader, the Human Resource Manager at Hiram Walker to Lucie Puttock, the Disabilty Case Manager at Liberty Mutual, dated October 25, 2004. In this fax, Ms. Rader states that Plaintiff reported to work on November 3, 2003 and was notified of her termination. The fax gives no indication the Plaintiff left her employment due to her disability.

The same is true for the record at 209, which Plaintiff also cites. This is the Employer's Statement, a part of the fax sent from Mr. Rader to Ms. Puttock. In this statement, the reason for stopping work is listed as "reduction in workforce." Finally, Plaintiff cites page 335 of the administrative record, a letter to Liberty Life Assurance Company of Boston from Joe D. Byars, Jr., attorney for Plaintiff, which was drafted August 2, 2004. The letter states nothing regarding why Plaintiff left employment.

In addition to these portions of the record, others reflect that Plaintiff was terminated due to a reduction in force. Plaintiff's application for Social Security Benefits states that her position was "cut and distributed" and that is the reason her employment ceased. (Rec. 80). Additionally, her doctor's notes state that she "lost her job" after twenty-two (22) years of service, and that this has contributed to some high levels of stress. (Rec. 101, 278). Moreover, Plaintiff never missed work

before her termination date due to illness.  (Rec. 207).

As the substantial evidence in the record supports Defendants' findings that Plaintiff was not in active employment at the time of her disability, the decision of the administrator is upheld.  Since the Court concludes Plaintiff was not eligible to claim benefits under the terms of the policy, it is not necessary to reach the question of whether Plaintiff was "disabled" as defined in the policy.

## Conclusion

For the reasons stated above, the Court upholds the decision of the plan administrator and finds it is supported by the substantial evidence of record and dismisses Plaintiff's Complaint with prejudice with each party to bear its own fees and costs.

**IT IS SO ORDERED.**

Dated:   September 27, 2006

*/s/ Robert T. Dawson*
Robert T. Dawson
United States District Judge